Jennifer McCREARY, Plaintiff,

v.

LIBERTY NATIONAL LIFE, Defendant.

No. 1:97CV163–S–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

May 20, 1998.

John A. Ferrell, Booneville, MS, for Plaintiff.

Robert G. Krohn, Price & Krohn LLP, Corinth, MS, for Defendant.

## ORDER DENYING MOTION TO COMPEL ARBITRATION

SENTER, Chief Judge.

This cause is before the court on defendant's motion to compel arbitration pursuant to an endorsement to the life insurance policy at issue. In defendant's view that endorsement, which calls for binding arbitration regarding "all disputes, claims, questions, and controversies of any kind or nature arising out of, or relating any way to, this policy, its subject matter, its negotiation, issuance, or termination," is enforceable against plaintiff and requires a stay of these proceedings pending the completion of arbitration.

In response, plaintiff rightly points out that before arbitration can be compelled, the court must first determine whether the parties actually agreed to arbitrate their dispute. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). Because the arbitration clause at issue is governed by the Federal Arbitration Act, " 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem ... is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.' " *Mitsubishi,* 473 U.S. at 626, 105 S.Ct. 3346. The parties' intentions nevertheless control though "those intentions are generously construed as to issues arbitrability." *Id.*

Even with these instructions in mind, this court has no hesitation in finding that the parties never agreed to arbitration and that plaintiff did not waive her right to seek

adjudication of her claims in court. The application was the only document plaintiff ever signed; there is, of course, no mention in its contents of the arbitration endorsement. That endorsement is part of the insurance contract which plaintiff received upon completion of the application process. When plaintiff received the policy, she was given the option of "return[ing] it for any reason," in which case, the policy was "void from the beginning. . . ." There was no notice, no discussion, and no negotiation of the arbitration endorsement, circumstances, which, in this court's view, hardly signify either agreement or waiver. The arbitration endorsement is therefore not enforceable, and this matter may proceed in this court.

Accordingly, it is ORDERED:

That the motion to compel arbitration is denied;

That the stay previously imposed is hereby lifted for further proceedings.

SO ORDERED.