# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01669-SCT

*PRE-PAID LEGAL SERVICES, INC., BROOKS WERKHEISER, DYRE LAW FIRM, PLLC AND ARNOLD D. DYRE*

*v.*

*SAMUEL BATTLE, REGINALD BURKS, MYRTIS HOLLIS, JAMES ROBINSON, BENNIE IRVIN, MARY KEELER, WILLIE McKENNY, RENATA L. MILLER, DAVID MILLS, ERIC NORWOOD, GENEVA SHELBY, SHEMEKIA SHELBY, PASTELLA SPRATLEY, GEORGE WILLIAMS, LEONARD BODDIE, JOHN C. BURWELL, ANGELA HUDNALL, MINNIE MOSELY, CAROLINE SMITH, THELMA LOUISE SMITH, JIMMY GRANT, SYLVIA GRANT, TONY BARFIELD, MARY HONEYSUCKLE, LONEDELL NICHOLSON, PATRICIA WHITFIELD, CHARLES ALEXANDER, KENNETH M. CROOK AND BEVERLY THOMPSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/19/2002 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICHARD L. JONES |
| | ROBERT L. GIBBS |
| | ANNIE C. SANDERS |
| | ANDREA LA'VERNE FORD EDNEY |
| | TESELYN AFRIQUE MELTON |
| | EARNEST G. TAYLOR |
| | JOHN BENTON CLARK |
| | SHANDA L. LEWIS |
| | C. MICHAEL ELLINGBURG |
| ATTORNEYS FOR APPELLEES: | J. BRAD PIGOTT |
| | J. DOUGLAS MINOR |
| | BARRY W. GILMER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 04/01/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     This matter is on appeal after a ruling by the Circuit Court of the First Judicial District of Hinds County granting the Plaintiffs' Motion for Partial Summary Judgment and denying the Defendants' Motion for Summary Judgment. In essence, the trial court granted declaratory judgment finding that the plaintiffs had no obligation to arbitrate their disputes with the defendants, and the defendants thus filed this appeal. For the reasons stated below, we affirm the trial court's ruling.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     Pursuant to Miss. Code Ann. §§ 83-49-1 et seq., National Pre-Paid Legal Services of Mississippi, Inc. ("National") offered contracts for legal expense insurance to individuals for a monthly fee. National is incorporated in Georgia and has its principal place of business in Ada, Oklahoma. National, in turn, has contracted with Pre-Paid Legal Services, Inc. ("Pre-Paid"), an Oklahoma corporation, to provide administrative services for National. National is a subsidiary of Pre-Paid and has no employees.

¶3.     In accordance with § 83-49-13(6), National has submitted two contracts and a Legal Shield Addendum which have been reviewed and approved by the Mississippi Insurance Commissioner. Both contracts are in a 9-point font size and contain the following provisions on the fifth page of the six page contract under the Subheading "General Provisions":

> E.  **Specific Exclusions:** The following items are specifically excluded and shall not be interpreted as included benefits:

. . .

2. Any person or entity who initiates or participates in a lawsuit against the Company or any of its affiliates, or is named as a defendant or respondent in a lawsuit initiated by the Company or any of its affiliates, shall be specifically excluded from receiving coverage under this Contract for services related to such lawsuit. All coverage under this Contract for services unrelated to a lawsuit either initiated by or against the Company or any of its affiliates, shall be suspended during the pendency of such lawsuit.

F. **Attorney Client Contract:** All benefits provided under this Contract, except Title I benefits [Legal Consultation and Legal Assistance Services], shall be subject to the terms of an Attorney-Client Contract to be executed by the Covered Person prior to the time services are rendered, which contract may require payment of anticipated costs to the Provider Attorney to cover legal services not covered by this Contract. All determinations of anticipated costs shall be made in the sole discretion of the Provider Attorney, and eligibility for receipt of benefits hereunder is contingent upon payment of same prior to commencement of legal representation by Provider Attorney.

G. **Provider Attorney:** Provider Attorney is defined as a law firm designated by the Company to provide the benefits described in this Contract.

. . .

K. **Settlement of Disputes:** In the event of a dispute, the parties will agree on an impartial attorney who will decide such dispute and that decision will be binding on all parties to such dispute.

Neither contract or addendum shield required a signature or acknowledgment from the person or persons purchasing the pre-paid legal expense agreement.

¶4. This action was brought in Hinds County Circuit Court by twenty-nine plaintiffs who entered into one or the other contracts with National. One plaintiff, Samuel Battle, also entered into an agreement with Pre-Paid Legal Services, Inc., to market the legal services contracts. This marketing agreement is not at issue in this appeal. Named as defendants in the Second Amended Complaint were Pre-Paid Legal Services, Inc. (Pre-Paid), Harlan [sic] C. Stonecipher, Brooks Werkheiser (collectively referred to as "the Pre-Paid defendants"), Dyre Law Firm, PLLC, and Arnold D. Dyre (collectively referred to as "Dyre defendants"). When filing the Second Amended Complaint, the plaintiffs withdrew the breach of contract claim against National Pre-Paid of Mississippi, removed National as a defendant, and added a claim for declaratory judgment of no obligation to submit to arbitration. The Plaintiffs' Motion for

3

Leave to File a Third Amended Complaint, adding one additional plaintiff has not yet been ruled upon by the trial court.

¶5.     Harland Stonecipher is the founder and CEO of Pre-Paid, and a member of the Board of National.  Stonecipher has a Motion to Dismiss for Lack of Personal Jurisdiction pending in the trial court.  Brooks Werkheiser is the former Vice President of Pre-Paid.  The Dyre defendants provided legal counseling to members in Mississippi.  The Pre-Paid defendants admit that they are not parties to the contracts with National, but maintain they are entitled to enforce the arbitration clause of the contract.

¶6.     Plaintiffs have asserted the following eight causes of action: (1) violation of Mississippi Deceptive Advertising Statute (§ 97-23-30) (Pre-Paid defendants only);  (2)  tort of deceit (or fraud) (Pre-Paid defendants only); (3) tort of civil conspiracy (all defendants); (4) tort of professional negligence (Dyre defendants only); (5) tort of negligent misrepresentation (all defendants); (6)  breach of fiduciary duty (Dyre defendants only);  (7) illegal payments to the Dyre defendants (all defendants); (8) fraudulent inducement of sales contract (Battle is the only plaintiff asserting this count against Pre-Paid defendants); and (9) declaratory judgment that their claims are not subject to arbitration (against all defendants). Thereafter, the defendants filed suit in the U.S. District Court alleging this matter posed a federal question under the Federal Arbitration Act and that federal court is a more convenient forum.  The defendants requested a stay in the state court action pending the outcome of the federal court action.

¶7.     The circuit court refused to impose a stay and, instead, granted Plaintiffs' Motion for Partial Summary Judgment and denied defendants' Motion for Summary Judgment.

4

Specifically, the trial court declared that the defendants are not in a position to require arbitration based on language in the National contract, that imposition of the arbitration language would destroy certain legal rights of the plaintiffs, and there is no binding language existing in the agreement between plaintiffs and National Prepaid.

## STANDARD OF REVIEW

¶8.     This Court reviews questions of law de novo. *Russell v. Performance Toyota, Inc.*, 826 So.2d 719, 721 (¶ 5) (Miss. 2002).  The underlying case was presented to the trial court by way of summary judgment.  This Court applies a de novo standard of review on appeal from a grant of summary judgment by the trial court.  *Rush v. Ivy*, 853 So. 2d 1226, 1229 (¶ 12) (Miss. 2003) (citing *Jenkins v. Ohio Cas. Ins. Co.*, 794 So.2d 228, 232 (Miss. 2001); *Russell v. Orr*, 700 So.2d 619, 622 (Miss. 1997); *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997); *Northern Elec. Co. v. Phillips*, 660 So.2d 1278, 1281 (Miss. 1995)). Although we have not yet been confronted with a declaratory judgment finding against arbitration, we have reviewed the grant or denial of a motion to compel arbitration under the de novo standard of review.  *Tupelo Auto Sales, Ltd. v. Scott*, 844 So.2d 1167, 1169 (¶ 5) (Miss. 2003) (citing *East Ford, Inc. v. Taylor*, 826 So.2d 709, 713 (Miss. 2002) and *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996)).

## DISCUSSION

¶9.     Although the parties raise numerous issues on appeal, one issue is dispositive, and we thus need address only that issue.

### I.      WHETHER THERE WAS AN AGREEMENT TO ARBITRATE.

5

¶10.    The critical issue before us today is whether the language contained in the pre-paid legal services plan constitutes a binding arbitration provision. The Pre-Paid defendants contend that the statute requires that legal expense plans contain an arbitration clause and that the contract contains a binding arbitration provision for any disputes that arise. In the Mississippi statute permitting pre-paid legal expense agreements, the Legislature has required that entities selling legal expense insurance contain "[a] statement describing a procedure for settling disputes between or among the sponsor, participating or staff attorneys, and the subscribers." Miss. Code Ann. § 83-49-13(2)(f). The Federal Arbitration Act provides that:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This Court "will respect the right of an individual or an entity to agree in advance of a dispute to arbitration or other alternative dispute resolution." *Russell v. Performance Toyota, Inc.*, 826 So.2d at 721-22 (¶ 6) (citing *IP Timberlands Operating Co., v. Denmiss Corp.*, 726 So.2d 96, 104 (¶ 29) (Miss. 1998)).

> In determining the validity of a motion to compel arbitration under the Federal Arbitration Act, courts generally conduct a two-pronged inquiry. The first prong has two considerations: (1) whether there is a valid arbitration agreement and (2) whether the parties' dispute is within the scope of the arbitration agreement.
> ...
> Under the second prong, the United States Supreme Court has stated the question is "whether legal constraints external to the parties' agreement foreclosed arbitration of those claims.

*East Ford, Inc. v. Taylor*, 826 So.2d at 713 (¶¶ 9-10) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

¶11.    The provision in the pre-paid legal expense agreement provides as follows:

6

K. **Settlement of Disputes:** In the event of a dispute, the parties will agree on an impartial attorney who will decide such dispute and that decision will be binding on all parties to such dispute.

This Court has not yet been faced with deciding whether such a statement is sufficient to evidence an agreement to settle disputes through arbitration. However, the U.S. District Court for the Northern District of Mississippi was faced with a remarkably similar situation to the one in the present case. In an action concerning a life insurance policy, the plaintiff signed only the application. The insurer moved to compel binding arbitration that included "all disputes, claims, questions, and controversies of any kind or nature arising out of, or relating any way to, this policy, its subject matter, its negotiation, issuance, or termination" which was contained in the endorsement to the life insurance policy.

¶12.  After setting forth the *Mitsubishi* standard, the district court held:

> Even with these instructions in mind, this court has no hesitation in finding that the parties never agreed to arbitration and that plaintiff did not waive her right to seek adjudication of her claims in court. The application was the only document plaintiff ever signed; there is, of course, no mention in its contents of the arbitration endorsement. That endorsement is part of the insurance contract which plaintiff received upon completion of the application process. When plaintiff received the policy, she was given the option of "return[ing] it for any reason," in which case, the policy was "void from the beginning...." There was no notice, no discussion, and no negotiation of the arbitration endorsement, circumstances, which, in this court's view, hardly signify either agreement or waiver. The arbitration endorsement is therefore not enforceable, and this matter may proceed in this court.

*McCreary v. Liberty Nat'l Life*, 6 F. Supp. 2d 920, 920-21  (N.D. Miss. 1998). As in *McCreary*, the plaintiffs in the case sub judice signed only the application, which did not contain an arbitration provision.

7

¶13.   "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648, 106 S.Ct. 1415, 1418 (1986) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960), and *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 570-71, 80 S.Ct. 1343, 1364-65, 4 L.Ed.2d 1403 (1960) (Brennan, J., concurring)). New Jersey courts require that an agreement must clearly foreclose any court remedies in order to be enforceable. "If the defendant wanted to enter into an agreement to bind plaintiff to arbitration under all circumstances, it should have written an inclusive arbitration clause." *Quigley v. KPMG Meat Marwick, LLP*, 330 N.J. Super. 252, 270-71, 749 A.2d 405, 415-16 (N.J. Super. Ct. App. Div. 2000).

¶14.   Other states give the benefit of the doubt to favor arbitration, even where the party does not sign the agreement. *Comvest, L.L.C. v. Corporate Secs. Group, Inc.*, 507 S.E.2d 21 (Ga. Ct. App. 1998) (finding securities purchaser may be bound by agreement to arbitrate even in the absence of his signature); *Solle v. Western States Ins. Agency, Inc.*, 999 P.2d 328, 332 (¶ 23) (Mont. 2000) (holding that any doubts must be resolved in favor of arbitration).

¶15.   In the case sub judice, we do not find a clear showing that the parties have agreed to arbitration. In so doing, we must balance the intent of the parties with the constitutional right to a trial by jury. Miss. Const. art. 3, § 31. We are persuaded by the district court's reasoning in *McCreary*. Just as in *McCreary*, here there was no notice, no discussion, and no negotiation of the arbitration agreement. Further, based upon the language in this clause, we

8

do not find that an average citizen would realize that he or she is giving up his or her right to a trial by jury under the broad, general language contained in the pre-paid legal expense agreement.

¶16.   Additionally, the purported arbitration provision is contradicted because the contract also contemplates a lawsuit being filed by either National or the plaintiffs.  Both contracts contain the following provision:

> E.   **Specific Exclusions:** The following items are specifically excluded and shall not be interpreted as included benefits:
>
>      . . .
>
> 2.   <u>Any person or entity who initiates or participates in a lawsuit against the Company or any of its affiliates, or is named as a defendant or respondent in a lawsuit initiated by the Company or any of its affiliates,</u> shall be specifically excluded from receiving coverage under this Contract for services related to such lawsuit. All coverage under this Contract for services unrelated to a lawsuit either initiated by or against the Company or any of its affiliates, shall be suspended during the pendency of such lawsuit.

(emphasis added).

¶17.   Based upon the foregoing, we find that there was not a valid, binding arbitration agreement contained in the pre-paid legal expense agreement.  Therefore, the trial court did not err in granting the Plaintiffs' Motion for Partial Summary Judgment and denying the Defendants' Motion for Summary Judgment.

**CONCLUSION**

¶18.   Based on the prior decisions of this Court, there can be no doubt that when addressing arbitration issues, we have readily acknowledged that there is a strong federal policy favoring

9

arbitration.  *Russell v. Performance Toyota, Inc.*, 826 So.2d 719 (Miss. 2002); *East Ford, Inc. v. Taylor*, 826 So.2d 709 (Miss. 2002); *IP Timberlands Operating Co. v. Denmiss Corp.*, 726 So.2d 96 (Miss. 1998).  However, for the foregoing reasons, we affirm the trial court's grant of partial summary judgment and declaratory judgment finding that the plaintiffs' claims are not subject to arbitration, and we remand this case to the trial court for further proceedings consistent with this opinion.

¶19.    **AFFIRMED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., EASLEY, GRAVES AND DICKINSON, JJ., CONCUR. COBB, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**