# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01749-SCT

*DYRE LAW FIRM, PLLC., ARNOLD D. DYRE, PRE-PAID LEGAL SERVICES, INC., HARLAN STONECIPHER AND BROOKS WERKHEISER*

*v.*

*LAURA BRADLEY, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/20/2002 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN BENTON CLARK |
| | ERNEST G. TAYLOR |
| | SHANDA L. LEWIS |
| | C. MICHAEL ELLINGBURG |
| | F. KAY HARDAGE |
| | RICHARD L. JONES |
| | ROBERT L. GIBBS |
| | ANNE CLARKE SANDERS |
| | BRIAN CRAIG KIMBALL |
| | ANDREA LA'VERNE FORD EDNEY |
| | TESELYN AFRIQUE MELTON |
| ATTORNEYS FOR APPELLEES: | J. BRAD PIGOTT |
| | J. DOUGLAS MINOR |
| | BARRY W. GILMER |
| | RANCE N. ULMER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 06/10/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WALLER, P.J., EASLEY AND DICKINSON, JJ.

## EASLEY, JUSTICE, FOR THE COURT:

## <u>STATEMENT OF THE CASE</u>

¶1.     Plaintiffs filed an action in the Circuit Court of Jasper County against defendants Pre-Paid Legal Services, Inc., Harlan C. Stonecipher, Brooks Werkheiser, Dyre Law Firm, PLLC, and Arnold D. Dyre seeking redress for alleged misconduct including, but not limited to, deceptive trade practices, conspiracy, fraud, and negligence.  Plaintiffs also sought a declaratory judgment stating that they were under no contractual obligation to submit any of the claims against any of the defendants to arbitration.  Subsequently, plaintiffs filed a motion for partial summary judgment as to the absence of any applicable arbitration clause between the parties.  The trial court granted the motion and found that no plaintiff had signed any agreement which included an arbitration clause or any obligation or promise to arbitrate any claim or dispute with any defendant or any entity affiliated with any defendant.  Furthermore, the trial court found that the purported arbitration clause of which defendants seek the benefit is unconscionable and unenforceable under Mississippi law.  Aggrieved, the defendants have appealed the partial summary judgment and declaratory judgment pursuant to the Federal Arbitration Act, 9 U.S.C. § 16(a)(2) and (3), asking this Court to find that the plaintiffs are obligated to arbitrate their claims and that there exists a genuine issue of material fact which precludes summary judgment.  We affirm and remand.

**FACTS**

¶2.    Laura Bradley and 92 other plaintiffs[1] (Plaintiffs) commenced this action against Pre-Paid Legal Services, Inc., Harlan C. Stonecipher, Brooks Werkheiser,[2] Dyre Law Firm, PLLC, and Arnold D. Dyre[3] on June 6, 2002, in the Circuit Court of Jasper County, Mississippi. They asserted nine separate causes of action including (1) violation of the Mississippi Deceptive Advertising Act, (2) violation of the Mississippi Deceptive Trade Practices Act, (3) fraud, (4) civil conspiracy, (5) professional negligence, (6) negligent misrepresentation, (7) breach of fiduciary duty, and (8) illegal payments. Plaintiffs also seek a declaratory judgment that they are under no obligation to arbitrate any of these claims against these defendants.

¶3.    Plaintiffs essentially claim that Pre-Paid used deceptive marketing practices to lure them into signing a contract for legal services with National Pre-Paid Legal Services of Mississippi, Inc. (National) that was grossly deficient in comparison to the services they were told that they would receive. Harlan C. Stonecipher is the CEO and Chairman of the Board for Pre-Paid. Brooks Werkheiser was a Regional

---

[1]John Cummings, Larry Evans, Cennie Hardy, Chester Jones, J.B. Lovett, Maggie May, Paul Newell, Amy Pence, Yalinda Pugh, Catherine Brooks, Shelby Carmichael, Debbie Evans, James Everette, Latricia McCarty, David McKenzie, Ora Nicks, Diane Nobles, Wendie Williams, John Fairley, Linda McGill, Chevonna Milloy-Bass, Flora Elerby, Corine Hickman, Mildred Lucas, Sandra McCoy, Lou Ross, Ina Almonte, Bobby Bell, Joy Braden, Tracey Crawford, Johnny Davis, Mildred Eaves, Anthony Evans, Amy Michelle Fisher, Nancey Fondren, Wanda Fox, Ollie Franklin, Beverly Gaddis, Barbara Ann Gathright, Lavonne Gordon, Dave Grayson, Tony Ham, Nathan Harding, Rebecca Lynne Hasson, Minnie Inge, Kathy Ivey, Brenda Jones, Estella Jones, Frances Gail Jones, Kenneth Lewis, Angela Little, Wanda Lloyd, Beverly Lockett, Roy McKenzie, Patricia Moody, Eddie Ott, Jr., Eddie Payton, Dorothy Radcliff, Gloria Shadwick, Patricia Smith, Michele Swanner, Richard C. Wallace, Shawn T. Young, Sherron Barnes, Alex Berry, Shirley Harper, Janice Harris, Joyce McAffee, Cynthia McCollum, Gwendolyn Mack, Dorothy Smith, Jean Stubbs, Derrick Walker, Laura Womack, Harriet DeJarnett, Marilyn Lott, Anne McCullum, Scottie Starr, Michelle Brown, Keith Davis, Sr. Melton Dawkins, Russell Douglass, Charlean Lacy, Linda Pace and Willie Pace.

[2] Pre-Paid Legal Services, Inc., Stonecipher, and Werkheiser will collectively be referred to in the discussion section as "Pre-Paid," not to be confused with "National Pre-Paid of Mississippi," which will be referred to, but is not a party to this action.

[3] Dyre Law Firm, PLLC, and Arnold D. Dyre will collectively be referred to as "Dyre."

3

Vice President for Pre-Paid for marketing throughout Mississippi throughout the period relevant to the events set forth at trial court. Plaintiffs also assert that Dyre Law Firm and Arnold Dyre, individually, were accomplices in these alleged misdeeds as the attorney that is provided for in the contracts signed with National.

¶4.     Subsequently, on July 19, 2002, plaintiffs filed a motion for partial summary judgment as to the absence of any applicable arbitration clause. In response, the defendants noted that all of the plaintiffs' claims arose out of contracts they entered into for legal services with National. The defendants also provided a copy of their standard contract which contains the following provision in nine point font on the fifth page of a six-page contract:

> K.      **Settlement of Disputes**: In the event of a dispute, the parties will agree on an
>         impartial attorney who will decide such dispute and that decision will be binding
>         on all parties to such dispute.

Defendants are non-signatories to these contracts, yet steadfastly maintain that they are entitled to the protection of its arbitration provision.

¶5.     On August 19, 2002, the trial court entered an order granting plaintiffs' motion for partial summary judgment and declaratory judgment. The trial court ruled that none of the plaintiffs had signed not agree to arbitrate the claims asserted in this matter and that the purported arbitration clause put forth by the defendants was unconscionable and unenforceable. Final judgment to this effect was entered on the same day.

¶6.     Both Pre-Paid and Dyre appeal pursuant to the Federal Arbitration Act, 9 U.S.C. § 16(a)(2) & (3). Defendants argue that the trial court erred in finding that the plaintiffs had no obligation to arbitrate their claims and that there were genuine issues of material fact which preclude summary judgment. The plaintiffs filed a motion to dismiss the appeal, and this Court denied the motion.

4

**ANALYSIS**

¶7.    The following issues are presented on appeal:

> **I.    WHETHER THE TRIAL COURT ERRED BY DECLARING THAT THE PLAINTIFFS' CLAIMS DO NOT REQUIRE ARBITRATION.**
>
> **II.    WHETHER THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.**

¶8.    Our recent decision in ***Pre-Paid Legal Services, Inc. v. Battle***, 2004 WL 636292 (Miss. 2004), controls the disposition of all issues raised in the case sub judice because contract under scrutiny is the same.  In *Battle*, we determined that there is not a valid, binding arbitration agreement contained in this pre-paid legal expense agreement.  Therefore, this Court reaches the same conclusion here.

**CONCLUSION**

¶9.    For these reasons, we affirm the trial court's judgment, and we remand this case for further proceedings consistent with this opinion.

¶10.    **AFFIRMED AND REMANDED**.

**SMITH, C.J., WALLER, P.J., CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. COBB, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**