# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01716-SCT

*PRE-PAID LEGAL SERVICES, INC., BROOKS WERKHEISER, DYRE LAW FIRM, PLLC AND ARNOLD D. DYRE*

*v.*

*CLARA MEALEY, TYRONE GREEN, GEORGE LEE SANDERS, SR., MARY COLLINS, STEVE BRENGETTSY, EMMA DAVIS, DONNA GAYLOR, VONTRICY McDANIEL, LINDA MONTGOMERY, DOROTHY NIX, WILLIE ROBY, ALBERT THOMPSON, TELETER TUCKER, JACQUELINE WATKINS, MARY B. WILLIAMS, SHIRLEY JOHNSON, DELORIS CORLEY, SABRINA DIXON, CHARLENE JOHNSON, ANNIE KING, ANNIE L. LEE, SHIRLEY McDANIEL, DAPHNE MONTGOMERY, MARY WILSON, CHARLES HUSBAND, TESSA SMITH AND WILLIAM SMITH*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/29/2002 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICHARD L. JONES |
| | ROBERT L. GIBBS |
| | ANNE CLARKE SANDERS |
| | ANDREA LA'VERNE FORD EDNEY |
| | TESELYN AFRIQUE MELTON |
| | BRIAN C. KIMBLE |
| | ERNEST G. TAYLOR |
| | JOHN BENTON CLARK |
| | SHANDA L. LEWIS |
| | C. MICHAEL ELLINGBURG |
| ATTORNEYS FOR APPELLEES: | J. BRAD PIGOTT |
| | J. DOUGLAS MINOR |
| | BARRY W. GILMER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 06/10/2004 |

MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Plaintiffs filed an action in the Circuit Court of Wilkinson County against defendants Pre-Paid Legal Services, Inc., Harlan C. Stonecipher, Brooks Werkheiser, Dyre Law Firm, PLLC, and Arnold D. Dyre seeking redress for alleged misconduct including, but not limited to, deceptive trade practices, conspiracy, fraud and negligence.  Plaintiffs also sought a declaratory judgment stating that they were under no contractual obligation to submit any of the claims against any of the defendants to arbitration.  Subsequently, plaintiffs filed a motion for partial summary judgment as to the absence of any applicable arbitration clause between the parties.  The trial court granted the motion and found that none of the plaintiff's had signed any agreement which included an arbitration clause or any obligation or promise to arbitrate any claim or dispute with any defendant or any entity affiliated with and defendant.  Furthermore, the court found that the purported arbitration clause of which defendants seek the benefit is unconscionable and unenforceable under Mississippi law.  Aggrieved, the defendants have appealed the partial summary judgment and declaratory judgment pursuant to the Federal Arbitration Act, 9 U.S.C. § 16(a)(2) and (3), asking this Court to find that the plaintiffs are obligated to arbitrate their claims and that there exists a genuine issue of material fact, which precludes summary judgment.  We affirm and remand.

**FACTS**

¶2.    Clara Mealey and 26 other plaintiffs[1] (Plaintiffs) commenced this action against Pre-Paid Legal Services, Inc., Harlan C. Stonecipher, Brooks Werkheiser,[2] Dyre Law Firm, PLLC, and Arnold D. Dyre[3] on June 17, 2002, in the Circuit Court of Wilkinson County, Mississippi.  They assert nine separate causes of action including (1) violation of the Mississippi Deceptive Advertising Act, (2) violation of the Mississippi Deceptive Trade Practices Act, (3) fraud, (4) civil conspiracy, (5) professional negligence, (6) negligent misrepresentation, (7) breach of fiduciary duty, and (8) illegal payments. Plaintiffs also seek a declaratory judgment that they are under no obligation to arbitrate any of these claims against these defendants.

¶3.    Plaintiffs essentially claim that Pre-Paid used deceptive marketing practices to lure them into signing a contract for legal services with National Pre-Paid Legal Services of Mississippi, Inc. (National) that was grossly deficient in comparison to the services they were told that they would receive.  Harlan C. Stonecipher is the CEO and Chairman of the Board for Pre-Paid.  Brooks Werkheiser is a former Regional Vice President for Pre-Paid and is currently a licensed agent of National Pre-Paid of Mississippi.  Plaintiffs also assert

---

[1]Tyrone Green, George Lee Sanders, Sr., Mary Collins, Steve Brengettsy, Emma Davis, Donna Gaylor, Vontricy McDaniel, Linda, Dorothey Nix, Willie Roby, Albert Thompson, Teleter Tucker, Jacqueline Watkins, Mary B. Williams, Shirley Johnson, Deloris Corley, Sabrina Dixon, Charlene Johnson, Annie King, Annie L. Lee, Shirley McDaniel, Daphne Montgomery, Mary Wilson, Charles Husband, Tessa Smith, and William Smith.

[2] Pre-Paid Legal Services, Inc., Stonecipher, and Werkheiser will collectively be referred to in the discussion section as "Pre-Paid," not to be confused with "National Pre-Paid of Mississippi," which will be referred to, but is not a party to this action.

[3] Dyre Law Firm, PLLC, and Arnold D. Dyre will collectively be referred to as "Dyre."

3

that Dyre Law Firm and Arnold Dyre, individually, were accomplices in these alleged misdeeds as the attorney that is provided for in the contracts signed with National.

¶4.     Subsequently, on July 22, 2002, plaintiffs filed a motion for partial summary judgment as to the absence of any applicable arbitration clause. In response, the defendants noted that all of the plaintiffs' claims arose out of contracts they entered into for legal services with National. The defendants also provided a copy of their standard contract which contains the following provision in nine point font on the fifth page of a six-page contract:

> K. **Settlement of Disputes**: In the event of a dispute, the parties will agree on an impartial attorney who will decide such dispute and that decision will be binding on all parties to such dispute.

Defendants are non-signatories to these contracts, yet steadfastly maintain that they are entitled to the protection of its arbitration provision.

¶5.     On August 29, 2002, the trial court entered an order granting plaintiffs' motion for partial summary judgment and declaratory judgment. The court ruled that the plaintiffs had not signed an agreement to arbitrate the claims asserted in this matter and that the purported arbitration clause put forth by the defendants was unconscionable and unenforceable. Final judgment to this effect was entered on the same day.

¶6.     Both Pre-Paid and Dyre appeal pursuant to the Federal Arbitration Act, 9 U.S.C. § 16(a)(2) and (3). Defendants argue that the circuit court erred in finding that the plaintiffs had no obligation to arbitrate their claims and that there were genuine issues of material fact which preclude summary judgment. The plaintiffs filed a motion to dismiss the appeal, and we denied the motion, finding the trial court order was a final decision with respect to arbitration.

## ANALYSIS

¶7.     The following issues are presented on appeal:

I.      **WHETHER THE TRIAL COURT ERRED BY ENTERING A FINAL JUDGMENT DECLARING THAT THE PLAINTIFFS' CLAIMS AGAINST THE PROVIDER COMPANY AND PROVIDER ATTORNEYS DO NOT REQUIRE ARBITRATION EVEN THOUGH PLAINTIFFS ENTERED INTO A PRE-PAID LEGAL SERVICES CONTRACT CONTAINING AN ARBITRATION CLAUSE.**

II.     **WHETHER THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.**

¶8.     This case and *Pre-Paid Legal Services, Inc. v. Battle*, 2004 WL 636292 have been considered by this Court with all issues reviewed. Our recent decision in *Pre-Paid v. Battle* controls the disposition of all issues raised in the case sub judice because the contract under scrutiny is the same. In *Pre-Paid v. Battle*, we determined that there is not a valid, binding arbitration agreement contained in this pre-paid legal expense agreement. Therefore, we reach the same conclusion here.

## CONCLUSION

¶9.     For these reasons, we affirm the trial court's judgment and remand this case for further proceedings consistent with this opinion.

¶10.    **AFFIRMED AND REMANDED.**

**WALLER, P.J., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. COBB, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**

5