# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-01293-SCT

*PRE-PAID LEGAL SERVICES, INC.,*
*HARLAND C. STONECIPHER,*
*BROOKS WERKHEISER,*
*ARNOLD D. DYRE AND*
*DYRE LAW FIRM, PLLC*

**v.**

*CLAUDE ANDERSON, JR., ET AL.*


| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/2003 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICHARD L. JONES |
| | ROBERT L. GIBBS |
| | ANNE C. SANDERS |
| | JOHN B. CLARK |
| | BRANDI N. SMITH |
| | SHANDA L. LEWIS |
| ATTORNEYS FOR APPELLEES: | J. BRAD PIGOTT |
| | J. DOUGLAS MINOR |
| | BARRY W. GILMER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 05/12/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE WALLER, P.J., GRAVES AND RANDOLPH, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    This matter is on appeal after a ruling by the Circuit Court of Holmes County granting the plaintiffs' motion for partial summary judgment and for declaratory judgment finding that

the plaintiffs had no obligation to arbitrate their disputes with the defendants. Having considered the defendants' appeal (*see* 9 U.S.C. § 16(a)(2) & (3)), we affirm the circuit court because the issues raised have been decided against the defendants in ***Pre-Paid Legal Services, Inc. v. Battle***, 873 So. 2d 79 (Miss. 2004). We also remand this matter for further proceedings.

## DISCUSSION

¶2. Claude Anderson, Jr., and 86 other plaintiffs[1] commenced this action against Pre-Paid Legal Services, Inc., Harlan C. Stonecipher, Brooks Werkheiser, Dyre Law Firm, PLLC, and Arnold D. Dyre in the Circuit Court of Holmes County, Mississippi. The plaintiffs claimed that Pre-Paid used deceptive marketing practices to lure them into signing a contract for legal services that was grossly deficient in comparison to the services they were told that they would

---

[1]Ina Alamonte, Sherron Barnes, Bobby Bell, Alex Berry, Joy Braden, Laura Bradley, Catherine Brooks, Michelle Brown, Shelby Carmichael, Tracey Crawford, John Cummings, Johnny Davis, Keith Davis, Sr., Melton Dawkins, Harriet DeJarnett, Russell Douglass, Mildred Eaves, Flora Elerby, Anthony Evans, Debbie Evans, Larry Evans, James Everette, John Fairley, Amy Michelle Fisher, Nancey Fondren, Wanda Fox, Ollie Franklin, Beverly Gaddis, Barbara Ann Gathright, Lavonne Gordon, Dave Grayson, Tony Ham, Nathan Harding, Cennie Hardy, Shirley Harper, Janice Harris, Rebecca Lynne Hasson, Corine Hickman, Minnie Inge, Kathy Ivey, Brenda Jones, Chester Jones, Estella Jones, Frances Gail Jones, Charlean Lacy, Kenneth Lewis, Angela Little, Wanda Lloyd, Beverly Lockett, Marilyn Lott, J. B. Lovett, Mildred Lucas, Joyce McAffee, Latricia McCarty, Cynthia McCollum, Sandra McCoy, Anne McCullum, Linda McGill, David McKenzie, Roy McKenzie, Gwendolyn Mack, Maggie May, Chevonna Milloy-Bass, Patricia Moody, Paul Newell, Ora Nicks, Diane Nobles, Eddie Ott, Jr., Linda Pace, Willie Pace, Eddie Payton, Amy Pence, Yalinda Pugh, Dorothy Radcliff, Lou Ross, Gloria Shadwick, Dorothy Smith, Patricia Smith, Scottie Starr, Jean Stubbs, Michele Swanner, Derrick Walker, Richard C. Wallace, Wendie Williams, Laura Womack, and Shawn T. Young.

receive. The plaintiffs sought a partial summary judgment and a declaratory judgment that they were under no obligation to arbitrate any of these claims against the defendants.

¶3. The defendants responded that all of the contracts entered into by the plaintiffs contained an arbitration provision in nine point font on the fifth of six pages as follows: "K. Settlement of Disputes: In the event of a dispute, the parties will agree on an impartial attorney who will decide such dispute and that decision will be binding on all parties to such dispute."

¶4. We have considered this exact arbitration clause on four different occasions.[2]  *See* **Pre-Paid Legal Servs., Inc. v. Battle**, 873 So. 2d 79 (Miss. 2004); *Pre-Paid Legal Servs., Inc. v. Brownlow,* 874 So. 2d 972 (Miss. 2004); *Dyre Law Firm v. Bradley*, 874 So. 2d 984 (Miss. 2004); *Pre-Paid Legal Servs., Inc. v. Mealey*, 875 So. 2d 1075 (Miss. 2004).  In each instance, we have held that the contract entered into by the plaintiffs did not have a valid, binding arbitration agreement.  *Battle*, 873 So. 2d at 84; *Brownlow*, 874 So. 2d at 972-73; *Bradley*, 874 So. 2d at 986; *Mealey*, 875 So. 2d at 1077.

---

[2]In fact, the defendants admit in their brief that "[t]his Court has previously ruled in four cases involving essentially the same issues under essentially the same facts."

**CONCLUSION**

¶5.     Because the issues raised in the appeal have been resolved in earlier cases, we affirm the judgment of the Circuit Court of Holmes County, Mississippi, and remand this case for further proceedings consistent with this opinion.

¶6.     **AFFIRMED AND REMANDED.**

  **SMITH, C.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  COBB, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**